FILED
2019 Nov-08  PM 01:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| KaTODRA CARSTARPHEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| v. | ) | _____ |
| | ) | |
| DAVE & BUSTER'S | ) | **JURY DEMAND** |
| MANAGEMENT CORP., INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

## I.   INTRODUCTION

1.     This is an action alleging disability discrimination in violation of
Titles I and IV of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111
et seq. Plaintiff alleges that Defendant discriminated against her based on her
disability be failing to hire her/denying her employment opportunities.  Plaintiff is a
qualified individual with a disability; she has a history of disability, and/or is
perceived/regarded as disabled.  She has been denied equal opportunities, benefits
and services in her employment due to her status as a person with a disability.
Plaintiff is entitled to both equitable relief and damages.

II.    **JURISDICTION AND VENUE**

2.    This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 28 U.S.C. § 2201, 2202, and 42 U.S.C. § 12117.

3.    A substantial part of the unlawful employment practices challenged in this action occurred in Jefferson County, Alabama.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.    Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 12117.  Plaintiff timely filed her Charge of Discrimination within 180 days of the occurrence of the last discriminatory act.  Plaintiff also timely filed this Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the E.E.O.C.

III.   **PARTIES**

5.    Plaintiff, KaTodra Carstarphen ("Plaintiff"), is a female citizen of the United States, and is currently a resident of the City of Fairfield, Jefferson County, Alabama.  Plaintiff suffers from Symbrachydactyly, a congenital abnormality of her left hand.  Plaintiff is a person with a disability in that she has a physical condition which substantially limits one or more of her major life activities and/or is regarded as having a disability which substantially limits her ability to work and/or has a history of having such disability.

2

6. Defendant, Dave & Buster's Management Corp., Inc., ("Dave & Busters" or "Defendant"), is an employer pursuant to 42 U.S.C. § 12111(5). The Defendant is a Delaware corporation that, at all times relevant to this suit, has operated a facility in Jefferson County, Alabama.

## IV. STATEMENT OF FACTS AND CLAIMS

7. The Defendant has intentionally, and with malice or reckless indifference, discriminated against Plaintiff on the basis of Plaintiff's disability, history of disability and/or perceived disability, with respect to the terms, conditions and privileges of employment.

8. The Plaintiff has a disability, is perceived as having a disability, and/or has a history of a disability as she was born with Symbrachydactyly, a congenital abnormality of her left hand. As a result the Plaintiff's left hand only has a partial thumb and no fingers.

9. Plaintiff's physical condition substantially limits one or more of her major life activities.

10. On October 18, 2018, the Plaintiff went to Dave & Busters at their newly opening Galleria Mall location for a Hiring Event. This was a mass hiring event for the Defendant's grand opening.

11. Plaintiff filled out an application for a front desk associate position.

3

12.    Plaintiff was then selected for interviews on site that day. The interviews were conducted almost like a "speed dating" set up where an applicant met with multiple managers for separate interviews and then people were hired on the spot.

13.    The Plaintiff was told that she would interview with three Front of House Managers for a front of house position.

14.    Plaintiff first interviewed with Melissa Richard and the initial interview was going really well. Richard told the Plaintiff that she [Plaintiff] would be great for the hostess/dining position.

15.    In the midst of the Plaintiff's interview with Richard a man came up and interrupted the interview. He approached the Plaintiff and asked her to hold up all ten fingers in front of him. The Plaintiff did this as well as she could as she does not have ten fingers. The man then asked the Plaintiff to say "milk" ten times, which she did. Then he asked her what does a cow drink and the Plaintiff replied "milk," falling for his "joke." He told her that the answer was water and then walked away.

16.    The Plaintiff did not observe the man do this to anyone else in the hiring event.

17.    The Plaintiff continued her initial interview with Richard, but once the "hold up ten fingers" incident happened the entire interview process seemed to change.

4

18.     Plaintiff then had a second interview with Ken Jones and then a third and final interview with Lakeisha May who basically explained the job duties, the workload, and the fun atmosphere.

19.     After the three interviews, May approached the Plaintiff and looked down at the Plaintiff's left hand. May then asked the Plaintiff to come outside with her. Plaintiff did so.

20.     Plaintiff had not observed any of the other job applicants at the Hiring Event being escorted outside.

21.     Once May and the Plaintiff were outside of the building May informed the Plaintiff that she would not be hired, but that she would be placed on a "maybe" list for future jobs.

22.     However, the Plaintiff was never called back for any job opportunities.

23.     During this conversation May appeared upset and went on to tell the Plaintiff that she should not let this stop her from striving to be all that she can be and that the Plaintiff's "personality is beautiful," but that they had to turn her away.

24.     Numerous applicants were hired at this time to fill multiple positions for the grand opening of the Defendant's Galleria location.

25.     Upon information and belief, these individuals who were hired instead of Plaintiff do not suffer from Symbrachydactyly and/or are otherwise disabled.

26.     Upon information and belief, the Plaintiff was at least as qualified, if not more so, than the individuals who were hired for positions with the Defendant instead of Plaintiff.

27.     Upon information and belief, during the relevant time period the Defendant had several positions for which Plaintiff was qualified and capable of performing.  Allowing Plaintiff to work in one of these positions and/or providing a reasonable accommodation if necessary for her to do so would have posed no undue hardship on Defendant.

28.     In denying the Plaintiff employment and/or employment opportunities and/or a reasonable accommodation related thereto, the Defendant intentionally, willfully and maliciously discriminated against Plaintiff on the basis of her disability in complete disregard for her federally protected rights.

29.     As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment.  Additionally, Plaintiff has suffered injury including pain, humiliation, emotional distress, mental anguish and suffering, and loss of enjoyment of life.

## V.    CAUSES OF ACTION

### COUNT I
### DISCRIMINATION IN VIOLATION OF THE
### AMERICANS WITH DISABILITIES ACT

30.    Plaintiff realleges and incorporates by reference paragraphs 1 through 29 above with the same force and effect as if fully set out in specific detail hereinbelow.

31.    As stated, Plaintiff suffers from Symbrachydactyly and is a person with a disability, with a history of disability, and/or is regarded as disabled.  See 42 U.S.C. § 12102.  Defendant is an employer in accordance with 42 U.S.C. § 12111(5).

32.    Despite Plaintiff's disability, with or without reasonable accommodation, she is able to perform the essential functions of a number of jobs including those for which she applied with the Defendant.  Thus, Plaintiff meets the definition of a "qualified individual with a disability," pursuant to 42 U.S.C. § 12111.

33.    In refusing to hire the Plaintiff, the Defendant has maliciously, intentionally and with reckless disregard discriminated against Plaintiff due to her disability, history of a disability,  and/or perceived disability and has otherwise classified, and segregated Plaintiff in a way that has adversely affected her job opportunities because of her disability, history of disability, and the perception of her as a person with a disability. See 42 U.S.C. 12112.

7

34.     The Defendant has intentionally, maliciously and with reckless indifference discriminated against Plaintiff because of her disability, history of disability, and/or the perception of her as a person with a disability with regard to hiring, employee compensation, benefits, and other terms and conditions of employment pursuant to 42 U.S.C. § 12112.

## VI.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the actions taken against Plaintiff by Defendant in refusing to hire Plaintiff, constitutes discrimination and are violative of Plaintiff's rights as secured by Titles I and IV of the Americans with Disabilities Act , 42 U.S.C. § 12101, et seq.

2.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as others who are similarly-situated pursuant to Titles I and IV of the Americans with Disabilities Act.

8

3.    Enter an Order instating Plaintiff to the position for which she applied, and awarding Plaintiff damages including back pay, front pay, nominal, compensatory, and punitive damages.

4.    Award Plaintiff reasonable costs, attorney's fees and expenses.

5.    Award such other relief and benefits as the cause of justice may require.


Respectfully submitted,


s/ Temple D. Trueblood
Temple D. Trueblood
Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS,
  FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500


**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

s/ Temple D. Trueblood
OF COUNSEL

The Plaintiff requests this Honorable Court to serve via certified mail upon the named defendant the following : Summons, Complaint.

**Defendant's Address:**
**Dave & Buster's Management Corp. Inc.**
**c/o Registered Agent**
**Capitol Corporate Services, Inc.**
**2 North Jackson Street, Suite 605**
**Montgomery, AL 36104**

s/ Temple D. Trueblood
OF COUNSEL